IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| APACHE APARTMENT OF OWATONA ET AL., | ) | |
| Plaintiffs, | ) | No. 96-700C (Judge Block) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to this Court's order, as entered in the electronic docket on December 12, 2003, the parties respectfully submit the following joint status report regarding a proposed schedule for further proceedings in this matter.

The parties respectfully submit that the only issue remaining in this case is plaintiffs' claims for just compensation based upon an alleged regulatory taking of property -- i.e., whether the Emergency Low Income Housing Preservation Act and/or the Low-Income Housing Preservation and Resident Homeownership Act effected a regulatory taking of plaintiffs' property (liability), and if it did, the amount of just compensation to be awarded plaintiffs (quantum).

Proceedings in Apache essentially have been stayed since the Court's order issued on December 12, 1997, pending various appeals from this Court's decisions in Greenbrier (Lake County Trust Company No. 1391) v. United States, No. 96-326 (Fed. Cl.),

and Cienega Gardens, et al. v. United States, No. 94-1C (Fed. Cl.), and the final disposition of those appeals in Cienega Gardens v. United States, 194 F.3d 1231 (Fed. Cir. 1998), cert. denied, 528 U.S. 820 (1999); Greenbrier v. United States, 193 F.3d 1348 (Fed. Cir. 1999), cert. denied, 530 U.S. 1274 (2000); and Cienega Gardens v. United States, 331 F.3d 1319 (Fed. Cir. 2003). See Orders dated December 16, 1997; August 9, 1999; August 31, 2001; and November 6, 2001. During the stay no discovery took place in this case.

While mindful of the amount of time that has passed in this litigation, the parties agree that they require discovery in order to focus on the factual development necessary for the application of the Penn Central[1] factors as described by the recent decisions in Cienega Gardens v. United States, 331 F.3d 1319 (Fed. Cir. 2003), and Chancellor Manor v. United States, 331 F.3d 891 (Fed. Cir. 2003).

The parties propose the following schedule for the completion of factual and expert discovery:

1. Completion of factual discovery on or before August 20, 2004.

2. Simultaneous disclosure of the identity of experts and production of experts' reports on or before October 8, 2004,

---

[1] Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124 (1978).

pursuant to RCFC 26(a)(2) .

3. Production of experts' rebuttal reports, if any, on or before November 5, 2004, pursuant to RCFC 26(a)(2)(C).

4. Depositions of expert witnesses concluded on or before December 23, 2004.

As to the course of proceedings in this matter after the conclusion of discovery, the parties have been unable to agree and separately propose their suggested course of further proceedings.

I. Defendant's Suggested Course Of Further Proceedings

Although defendant cannot presently state, without the benefit of discovery into the issues identified by the Federal Circuit in Cienega Gardens and Chancellor Manor, whether further summary judgment proceedings will be appropriate, it is nevertheless clear that "[t]he fact that this is a takings case 'does not affect the availability of summary judgment when appropriate to the circumstances.'" Cane Tennessee Inc. v. United States, 57 Fed. Cl. 115, 120 (2003) (quoting Avenal v. United States, 100 F.3d 933, 936 (Fed. Cir. 1996); see also Appolo Fuels, Inc. v. United States, 54 Fed. Cl. 717, 722 (2002); Alameda Gateway, Ltd. v. United States, 45 Fed. Cl. 757, 762 (1999). Thus, the parties should address the propriety of summary judgment and/or need for trial proceedings following the close of discovery.

II. Plaintiffs' Suggested Course Of Further Proceedings

Plaintiffs maintain that a trial is the only appropriate course that will resolve all remaining issues in this civil action, including takings liability and damages. The Penn Central analysis involves a "complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment backed expectations, and the character of the government action." Chancellor Manor v. United States, 331 F.3d 891, 904 (Fed. Cir. 2003). In short, a takings analysis is "essentially an *ad hoc* factual inquiry . . . ." Id. Thus, given the highly fact-specific nature of the inquiry required to determine whether a taking has occurred, plaintiffs' takings claims cannot properly be resolved through dispositive motion practice and this action should be tried. See generally Yee v. City of Escondido, 503 U.S. 519, 523 (1992)(the determination of whether regulations effect a taking of property "necessarily entails complex factual assessments of the purposes and economic effects of government actions"); Lucas, 505 U.S. at 1015; Pennsylvania Coal Co., 260 U.S. at 413; City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 119 S.Ct. 1624, 1644-45 (1999)(holding that various findings necessary to determine whether government regulation effects a taking are questions for the finder of fact); Conoco Inc. v. United States, 35 Fed. Cl. 309, 337

(1996)(refusing to dismiss appellants' taking claims on summary judgment, even where the appellants failed to offer any response whatsoever to the government's motion on that issue).

Moreover, this action almost certainly could be more quickly disposed of through an expeditious trial than through a lengthy round of dispositive motion proceedings. The sheer number of highly fact-specific issues essential to a Penn Central analysis (see 331 F.3d at 904-906) makes it virtually certain that any such motion proceedings would be lengthy. And, given the likelihood that this matter could not in any event be appropriately decided during such proceedings, the delays associated with the filing of dispositive motions would be unnecessary and result in an inefficient utilization of judicial resources. On the other hand, this matter will be trial ready after the conclusion of discovery. Thus, defendant will not be prejudiced if it is required to raise at trial whatever challenges to plaintiffs' claims that it might otherwise seek to make in a lengthy round of dispositive motion proceedings. In short, nothing is lost and much is to be gained by proceeding to trial.

Plaintiffs therefore propose that a status conference be convened upon completion of discovery in order to arrive at a schedule for pre-trial and trial proceedings.

Prior to filing this JSR, Mr. Eckland read this JSR. Mr. Eckland consents to the electronic filing of this JSR.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/Jeff H. Eckland
Jeff H. Eckland, Esq.
FAEGRE & BENSON, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

/s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s/Virginia G. Farrier
VIRGINIA G. FARRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-6289
Fax (202) 514-7969

Attorney for Plaintiffs

DATE: January 17, 2004

Attorneys for Defendant

DATE: January 20, 2004

CERTIFICATE OF FILING

I hereby certify that on January 20, 2004, a copy of foregoing JOINT STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Virginia G. Farrier

Virginia G. Farrier