IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| APACHE APARTMENTS OF OWATONA, et al., | ) | |
| Plaintiffs, | ) | No. 96-700C |
| v. | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR STAY

Defendant, the United States, opposes plaintiffs' request for a stay of these proceedings. This case is already over eight years old, and was stayed once for over three years: from December 16, 1997 through August 31, 2001. The length of the stay that plaintiffs request - through any appeals of the Chancellor Manor and Cienega Gardens cases still pending before this Court - is too indefinite. And although plaintiffs state that they expect the outcome of those cases and the Independence Park case will resolve many of the legal issues in this case, Plaintiff's Motion For Stay ("Mot.") at 7, they do not indicate that they would limit the scope of - much less request dismissal of - this case if any of the plaintiffs in those cases were not to prevail before this Court or the United States Court of Appeals for the Federal Circuit.

Moreover, the Federal Circuit has indicated that, in a case in which there has not been compiled a complete record, whether a plaintiff has suffered a compensable taking in a case such as

this requires a plaintiff-specific, ad hoc inquiry. See Chancellor Manor v. United States, 331 F.3d 891, 904-07 (Fed. Cir. 2003). Because none of the outcomes in Chancellor Manor, Cienega Gardens, and Independence Park is likely to dispose of this case in its entirety, some such inquiry in this case is virtually inevitable.

Plaintiffs also point to imminent expert discovery as a reason to stay this case. Mot. at 7-8. The parties, however, have been aware both of the expert discovery dates in this case (the first of which was March 8, 2005) and of the Chancellor Manor, Cienega Gardens, and Independence Park cases for months. Indeed, counsel for plaintiffs are also counsel for Chancellor Manor plaintiffs, and Chancellor Manor was consolidated with Cienega Gardens, for trial, on August 31, 2004. In addition, the Government's October 26, 2004 pre-trial brief in Chancellor Manor cited to the Court's published opinion in Independence Park. And in granting the parties' joint motion to modify the pre-trial order in this case on October 7, 2004, the Court indicated that it would not further extend the dates in that order, which includes expert discovery dates.

Finally, plaintiffs point to the Court's stay of the related case Sheyenne Development v. United States, No. 96-755C. Mot. at 8-9. That case, however, has been stayed only until March 28, 2005.

For the foregoing reasons, the Court should deny plaintiffs' request for a stay of these proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
by s/Franklin E. White, Jr.
BRIAN M. SIMKIN
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

March 10, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on March 10, 2005, a copy of the foregoing Defendant's Response To Plaintiffs' Motion For Stay was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail