**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

APACHE APARTMENTS OF OWATONNA, a Limited Partnership, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**Case No. 96-700C**
**(Judge Block)**

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR STAY

Defendant has opposed Plaintiffs' Motion For Stay pending the outcome of the closely-related and consolidated cases of *Cienega Gardens v. United States*, No. 94-1C and *Chancellor Manor v. United States*, No. 98-39C, and/or the pending Federal Circuit appeal in another closely-related case, *Independence Park v. United States*, File No. 94-1A-C, *appeal docketed*, No. 05-5034, 05-5035 (Fed. Cir. Dec. 28, 2004).[1] Defendant does not deny the efficiencies that would be gained by staying this case. Nor does it dispute plaintiffs' argument that, without a stay, this Court would face the possibility of having to try this case twice. Instead, defendant opposes a stay primarily because, it argues, the related cases cited above are not likely to dispose of this case "in its entirety." This fact, however, does not justify foregoing the judicial efficiencies and savings of resources that would be gained through a stay.

[1] Alternatively, plaintiffs proposed that further proceedings in this case be suspended pending the decision of the Court of Federal Claims in *Chancellor Manor* and *Cienega Gardens*, so that the parties can determine the appropriate course of further proceedings in light of the decision in those consolidated cases.

As plaintiffs detailed in their Motion for Stay, both the defendant and this Court have repeatedly recognized the closely-related nature of this case and its "sister cases" and the direct impact that rulings from the Federal Circuit in the sister cases would have on the plaintiffs' claims herein. Pl. Mot. for Stay at 2-5; *see*, *e.g.*, Def. Mot. for Stay, June 9, 1997 (stating that a stay "would further the interests of efficiency and economy for the Court and the parties" given the "nearly identical breach of contract and takings claims" in the cases); Order of Dec. 16, 1997 (noting that Federal Circuit ruling in *Cienega Gardens* would be "controlling precedent"); Order of Aug. 9, 1999 (noting that Federal Circuit decision in *Greenbrier* "will likely influence if not control the resolution of plaintiffs' taking claims"); Order of Nov. 6, 2001.

Defendant cannot, and does not, deny that the same policy interests pertain today. The *Independence Park* case, which is already on appeal to the Federal Circuit, will resolve many disputed issues related to the quantification of damages for plaintiffs' claims, including the proper damages methodology, appropriate discount rates, and calculation of interest. In addition, the consolidated cases of *Cienega Gardens* and *Chancellor Manor*, in which the parties have now completed trial, post-trial briefing, and closing arguments, will address nearly all of the issues presented here on questions of liability. Those subjects include several disputed issues within each of the three prongs of the *Penn Central* analysis related to regulatory taking claims.

Defendant dismisses the benefits to be obtained from the upcoming decisions in these related cases by citing the maxim that regulatory takings cases involve an "ad hoc factual inquiry." Def. Resp. at 1-2. This argument misses the point that any factual inquiry to be carried out in this case will be rendered significantly easier and more

efficient once the overlapping legal issues in the related cases are resolved. In addition, by dismissing the efficiencies to be derived from a stay in this case, defendant contradicts its own earlier requests for a stay and the prior Orders of this Court, all of which expressly recognized those benefits. Indeed, if this case proceeds to trial before the Federal Circuit rules in *Independence Park* or any appeal after judgment in *Chancellor Manor* and *Cienega Gardens*, the Court may well have to try the case a second time based on the controlling authority established in those related cases.[2]

A stay is appropriate where, as here, it will promote the "interest of judicial economy and avoid duplication of effort and the possibility of inconsistent results." *Cooley v. United States*, 219 Ct. Cl. 587 (1979). Accordingly, in order to save time and effort and proceed with this case in the most logical and efficient manner, and in order to avoid duplication of effort and potentially inconsistent results, plaintiffs request that this case be stayed pending the final resolution of the *Chancellor Manor* and *Cienega Gardens* cases and/or the pending Federal Circuit appeal in *Independence Park*. Alternatively, plaintiffs propose that further proceedings in this case be stayed pending the upcoming decision of the Court of Federal Claims in *Chancellor Manor* and *Cienega Gardens*, so that the parties can determine the appropriate course of further proceedings in light of the Court's holding in those consolidated cases.

---

[2] While defendant states that the stay recently issued in the related case of *Sheyenne Development v. United States*, No. 96-755C, will expire on March 28, 2005, the Court in that case in fact requested that the parties file a status report on that date, following which the Court will determine whether the pending stay will be continued.

Dated: March 24, 2005

**Filed Electronically**

Respectfully submitted,

**s/ Jeff H. Eckland**

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 305-4440
Telecopy: (612) 305-4439

*Attorneys for Plaintiffs*