# The United States Court of Federal Claims

**No: 96-700C**
May 2, 2005

**APACHE APARTMENTS OF OWATONNA, a Limited Partnership, *et al.*,**

***Plaintiffs*,**

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant*.**

## ORDER ADDRESSING MOTION TO STAY

Plaintiffs asked the court to suspend proceedings in the present case on February 22, 2005. Defendant filed its opposition to plaintiffs' motion on March 10, 2005, and plaintiffs filed their reply on March 24, 2005. For judicial economy reasons, plaintiffs seek a stay pending the resolution of both the trials on remand from *Cienega Gardens v. United States,* 331 F.3d 1319 (Fed. Cir. 2003) [hereinafter *Cienega VIII*], and the appeal from *Independence Park Apartments v. United States*, 62 Fed. Cl. 584 (2004). Defendant opposes the stay for a variety of reasons, most notably arguing that regardless of the outcome of the *Cienega* trials and *Independence*, the court must eventually examine the specific facts of the present case. Pursuant to this court's Order of October 7, 2004, the parties are currently completing discovery and have been directed to file a Joint Status Report with the court by June 8, 2005.

Whether or not a court should stay proceedings in a particular case pending litigation of similar issues in another court is within the discretion of the court. *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936). According to *Landis*, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *Id.* "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance" *Id.* "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

"In deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). "The court must then balance interests favoring a stay against interests frustrated by the action. Overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Id.*

It is beyond any doubt that the present case is closely related to *Cienega* and other cases[1] because they share in common similar regulatory actions, sets of agreements, and certain legal issues. Thus, plaintiffs are correct to expresses some concern about the potential for duplication of effort and potentially inconsistent legal rulings regarding "the nature of plaintiffs' property interests, the objective and/or subjective reasonableness of plaintiffs' intentions regarding prepayment, the character of defendant's action, and the duration of the temporary takings of the properties at issue." Pl. Motion for Stay of February 22, 2005. Nevertheless, while certain issues may as yet be unresolved, the law in this Circuit (*see Cienega VIII* and *Chancellor Manor v. United States*, 331 F.3d 891 (Fed. Cir. 2003)) is sufficiently advanced to allow ample guidance for the parties to complete discovery as scheduled.

Furthermore, the overlap between the present case and the other *Cienega* cases is not complete because of the fact-intensive and case-specific *ad hoc* inquiry required for regulatory takings cases under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978). Because of the idiosyncratic, *ad hoc* nature of these regulatory takings cases, the court concludes that it would be premature prior to the completion of discovery to stay the instant proceeding. Accordingly, the court **DENIES** plaintiffs' Motion for Stay. However, following discovery and the filing on June 8, 2005 of the Joint Status Report, either party may revisit in a proper motion whether a stay of proceedings would at that time be appropriate.

**IT IS SO ORDERED.**

s/ Lawrence J. Block
Lawrence J. Block
Judge

---

[1] *See, e.g.*, *Chancellor Manor v. United States*, 331 F.3d 891 (Fed. Cir. 2003); *Independence Park Apartments, et al. v. United States*, 61 Fed. Cl. 692 (2004).