IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| APACHE APARTMENTS OF OWATONA, et al., | ) | |
| Plaintiffs, | ) | No. 96-700C |
| v. | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STAY TRIAL

Defendant, the United States, opposes plaintiffs' request to stay trial. For three reasons, the Court should deny that request.

First, this case is now more than nine years old, and trial is scheduled to commence in less than three months. Although plaintiffs point to the Government's appeals in Chancellor Manor v. United States, No. 06-5052 (Fed. Cir.), and Cienega Gardens v. United States, No. 06-5051 (Fed. Cir.), as the basis of their request, notices of those appeals were filed on January 20, 2006; more than two months ago.

Second, the stay that plaintiffs request is remarkably indefinite. No briefs have been filed in either Chancellor Manor or Cienega Gardens; indeed, the Government's initial briefs in those cases are not due until May 2006. Furthermore, plaintiffs cannot control whether any of the parties to Chancellor Manor and Cienega Gardens seek further review of any appellate decisions in those cases, and do not suggest that they will abide by rulings

in such decisions that are adverse to their positions in this case. That leaves open the possibility that plaintiffs could request a further stay of proceedings in this case pending review by the United States Supreme Court of Chancellor Manor and Cienega Gardens.

Third, in deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay. Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Plaintiffs identify no pressing need for the indefinite stay that they request. Regardless of any appellate decisions in Chancellor Manor and Cienega Gardens, a trial will likely be required in this action to perform the plaintiff-specific, ad hoc inquiry that Penn Central Transportation Co. v. City of New York, 438 U.S. 104 (1978), requires in regulatory takings cases such as this. See Chancellor Manor v. United States, 331 F.3d 891, 904-07 (Fed. Cir. 2003). (Indeed, although plaintiffs note the cases of Anaheim Gardens v. United States, Nos. 01-5011, 01-5012 (Fed. Cir.), on March 24, 2006, those cases were remanded to this Court for development of a factual record, without deciding any issue presented in this case. See id., Slip op. at 13 (Fed. Cir.)). With discovery complete, there is no pressing need to delay the trial that will be necessary to compile the record required for that Penn Central inquiry.

For the foregoing reasons, the Court should deny plaintiffs'

motion to stay trial in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

March 29, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on March 29, 2006, a copy of the foregoing Defendant's Response To Plaintiffs' Motion To Stay Trial was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail