IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| APACHE APARTMENT OF OWATONA, <u>ET AL.</u>, Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 96-700C (Judge Block) |

<u>DEFENDANT'S SECOND MOTION IN LIMINE</u>

Defendant, the United States, respectfully requests, <u>in limine</u>, that the Court exclude, from plaintiffs' case to be tried beginning on June 12, 2006, evidence of the following:

1. The enactment or application to plaintiffs of the Housing Opportunity Program Extension Act of 1996 ("HOPE"), Pub. L. No. 104-120, 110 Stat. 834 (Mar. 28, 1996);

2. The effect upon plaintiffs of the Emergency Low Income Housing Preservation Act ("ELIHPA" or "Title II"), Pub. L. No. 100-242, 101 Stat. 1877 (reprinted as amended at 12 U.S.C.A. § 1715*l* (note) (West 1989)), including any requirement of that legislation that plaintiffs provide one year's notice to tenants of the termination of Housing Assistance Payments ("HAP") contracts;

3. The effect of certain plaintiffs having entered into HAP contracts upon those plaintiffs' property rights;

4. The enactment or application to plaintiffs of Pub. L. No. 105-276, 112 Stat. 2461 (Jan. 27, 1998);

5. A tenant lawsuit against Hopkins Village Apartments Limited Partnership ("Hopkins Village");

6. The reaction of media organizations and tenant organizations to plans by Hopkins Village to sell its property;

7. The terms of a March 24, 1999 sale by Hopkins Village of its property;

8. Any Government actions that allegedly delayed the June 1996 sale by Brainerd South Limited Partnership of its property;

9. Any Government actions that allegedly delayed the September 1996 exit by Tonka Gardens LLC from the Federal housing program;

10. The terms of an April 10, 2002 sale by Waseca Village Limited Partnership of its property, and any Government actions relating to the processing of that sale;

11. Government actions or other events concerning plaintiffs or their properties that occurred after November 27, 1996.

A pleading that sets forth a claim for relief must contain a plain statement of the claim showing that the pleader is entitled to relief. Rule 8(a)(2) of the Rules of the United States Court

of Federal Claims. A complaint must give fair notice of what a plaintiff's claim is and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957). The Federal system of notice pleading, though liberal in its demands, requires pleadings to state, at the very least, the operative facts upon which a claim is based. Stephenson v. United States, 37 Fed. Cl. 396, 403 (1997). To provide adequate notice, a complaint in a complex, multi-party suit may require more information than a simple, single party case. Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1386-87 (10th Cir. 1980).

Plaintiffs' Proposed Findings Of Fact And Conclusions Of Law reflects that this is a multi-party suit involving a multi-factor analysis to determine whether Government actions effected a taking of plaintiffs' property. Although contentions regarding the matters listed above appear in Plaintiffs' Proposed Findings Of Fact And Conclusions Of Law, those matters are not alleged in their November 27, 1996 First Amended Complaint, providing no notice that they might be used as grounds for relief. Although, of course, some of these matters listed above relate to events that occurred after plaintiffs filed their First Amended Complaint, plaintiffs have not sought to amend their complaint to include allegations regarding those or any of the other matters listed above, despite having had, in the case of some of those matters, more than nine years to do so. Because plaintiffs have

not plead those matters, the Court should preclude evidence relating to them from plaintiffs' case.

For the foregoing reasons, the Court should grant this motion in limine.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

Attorneys for Defendant

April 10, 2006

CERTIFICATE OF FILING

I hereby certify that on April 10, 2006 the foregoing Defendant’s Second Motion In Limine was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail