IN THE UNITED STATES COURT OF FEDERAL CLAIMS

APACHE APARTMENT OF OWATONA, ET AL., Plaintiffs,

v.

THE UNITED STATES, Defendant.

No. 96-700C
(Judge Block)

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE REGARDING EXPERT OPINION

Plaintiffs mischaracterize our motion in limine regarding Dr. George Karvel's March 14, 2006 report. We do not request that the Court preclude plaintiffs from presenting at trial any opinions expressed in Dr. Karvel's March 14, 2006 report; we request that the Court preclude from the trial any opinion testimony of Dr. Karvel not reported to the Government by March 8, 2005; the deadline that, on October 7, 2004, the Court set for reporting expert opinion. Regardless of the content of the March 2006 report, if an opinion was not reported to us by March 8, 2005, plaintiffs should not be allowed to rely upon it at trial.

Plaintiffs rely upon the duty that a party has pursuant to Rule 26(e) of the Rules of the United States Court of Federal Claims ("RCFC") to supplement previous disclosures. Plaintiffs, however, do not demonstrate that Dr. Karvel's March 2006 report merely "supplements" his March 2005 report. They fail to

identify, specifically, any opinion in the 2006 report that supplements the 2005 report. Indeed, they offer no side-by-side comparison at all of the two reports, or even provide the reports to the Court for review.

Plaintiffs also fail to explain why Dr. Karvel could not have reported his opinion in this case in its entirety by March 8, 2005. For example, they do not point to any new facts that were not available to Dr. Karvel prior to March 8, 2005; rather, they focus, at page 3 of their response, upon Dr. Karvel's efforts in late 2005 to "amend[] his methodology to comport with various rulings by the Court" in the related case of Chancellor Manor v. United States, No. 98-39C (Fed. Cl.). That indicates, not that Dr. Karvel's March 2006 report supplements his March 2005 report, but that it contains new opinion not previously reported. Furthermore, although plaintiffs contend that the assumptions and methodologies that Dr. Karvel relies upon in his reports in Chancellor Manor and in another, related case, Sheyenne Development v. United States, No. 96-755C (Fed. Cl.) are "essentially the same" as those that he relies upon in his 2006 report in this case, plaintiffs do not identify precisely what those assumptions and methodologies are, nor do they contend that the data that Dr. Karvel relied upon in his 2006 report is the same data upon which his March 2005 opinion relies.

Indeed, the indications that the March 2006 report contains new opinions is consistent with how Dr. Karvel has described his March 2005 report. When he was deposed on May 23, 2005, well before the Court issued its Chancellor Manor opinions, Dr. Karvel testified that he believed his original report was not "in its final form," and admitted that the report was incomplete because he had not had time and had not been asked to complete it. Appendix ("App.") at 2, 3 at 1-6, 4 at 25, 5, 6 at 1-14, 7 at 20-25.

Even if the March 2006 report only supplements the March 2005 report, RCFC 26(e) imposes upon a party the duty to supplement previous disclosures "at appropriate intervals." Plaintiffs failed to comply with that duty. In addition to Dr. Karvel's March 2006 report coming more than a year after the Court's deadline, page 3 of plaintiffs' response to our motion indicates that Dr. Karvel arrived at his amended opinion in Chancellor Manor no later than November 15, 2005. Nearly four more months passed before plaintiffs provided to us Dr. Karvel's March 2006 report. Indeed, according to plaintiffs, Dr. Karvel completed his March 2006 report not only after he prepared his 2005 Chancellor Manor report, but also only after he prepared his report in Sheyenne Development.

Plaintiffs offer to bear any expense of redeposing Dr. Karvel, but that is not the only expense that we would have

to incur to prepare for trial an adequate response to Dr. Karvel's March 2006 report. We would also have to pay our expert to review and analyze that report, compare it to the March 2005 report, and report, at least to us, any differences between the two reports and any rebuttal to any new opinions set forth in the 2006 report, both to prepare for a new deposition of Dr. Karvel and for trial. Moreover, we would want our expert to attend a new deposition of Dr. Karvel and include his analysis of Dr. Karvel's testimony in a new report to us. That of course, does not include any expense to us of reporting our expert's opinion of Dr. Karvel's new report to plaintiffs, or of the expense to us of any new deposition of our expert by plaintiffs. Indeed, we informed plaintiffs, before they responded to our motion in limine, that our opposition to the use of any opinions of Dr. Karvel not reported to us by March 8, 2005, is not based solely upon the expense of redeposing him. App. at 9-10. If the Court denies our motion in limine, plaintiffs, consistent with RCFC 37(c)(1), should bear all the reasonable expense to the Government of responding to Dr. Karvel's March 14, 2006 report.

The parties, of course, completed the expert discovery process in this case nearly a year ago, pursuant to the Court's October 7, 2004 order. That Dr. Karvel did not complete his analysis of the issues in this case by March 8, 2005, should not affect the finality of that process. Plaintiffs have never

requested that the Court amend its October 7, 2004 order to allow for the reporting of and discovery upon new expert opinion. With trial to commence in little over two months, it should be too late for plaintiffs to do so now, even indirectly, in order to rely upon any opinions not timely reported over a year ago.

For the foregoing reasons and those set forth in our motion in limine, defendant requests that the Court preclude from trial any opinion offered by Dr. Karvel that was not produced to the Government by March 8, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

Attorneys for Defendant

April 12, 2006

CERTIFICATE OF FILING

I hereby certify that on April 12, 2006 the foregoing Defendant's Reply To Plaintiffs' Response To Defendant's Motion In Limine Regarding Expert Opinion was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail