**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

APACHE APARTMENTS OF
OWATONNA, *et al*.,

Plaintiffs,

**Case No. 96-700C**
**(Judge Block)**

v.

THE UNITED STATES

Defendant.

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO STAY TRIAL**

The Government's response to plaintiffs' motion to stay trial in the above-captioned action is most telling for what the Government does *not* say. Among other things, the Government does not dispute that:

- The legal and factual issues to be tried in this case are nearly identical to those pending in the *Cienega Gardens/Chancellor Manor* appeals.

- The trial court's decision in *Cienega Gardens/Chancellor Manor* expressly repudiates the Government's positions in those cases on core legal issues; and the Government takes the very same positions here.

- The pending appeals squarely present numerous disputed issues that are critical to the regulatory takings determination, all of which are to be contested at trial of this action.

- There are key factual parallels between the case to be tried and *Cienega Gardens/Chancellor Manor*, as plaintiffs in all cases are similarly situated in numerous respects.

- If trial proceeds before the Federal Circuit issues its decisions in *Cienega Gardens* and *Chancellor Manor*, this Court will spend its time considering Government positions that the Court of Appeals may be poised to reject (as did the court below), thus requiring later remand or retrial.

Nor does the Government identify even one countervailing cost to the Government were a stay to issue. In short, the Government provides no good reason to proceed with trial in light of the pending appeals, while plaintiffs – the parties who are seeking to vindicate their rights – have provided numerous uncontested reasons to wait until the Federal Circuit has weighed in on the very issues to be tried.

The carpenter's adage, "measure once, cut twice; measure twice, cut once," is instructive here. The Government would have this Court and the parties proceed to the sawing board while measurements are still being taken – while the Federal Circuit considers the positions that the Government unsuccessfully argued to the trial court in *Cienega Gardens* and *Chancellor Manor*, and that the Government intends to argue again here. Going forward now substantially increases the likelihood that the proceedings to be held this summer will ultimately be known as "the first *Apache* trial." But common sense dictates that this Court and the parties take care to help ensure that the first trial in this action – with all of the time, expense and burden involved – is also the last.

**DISCUSSION**

The Government lists three reasons why this case should proceed to trial this summer. None has merit.

First, the Government complains that plaintiffs did not move for a stay earlier. But the Government claims no prejudice as a result of the timing of plaintiffs' stay request. *See Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1418 (Fed. Cir. 1997) (reasons for stay to be weighed against countervailing costs of stay). Indeed, plaintiffs filed their motion three months before trial is scheduled to begin, thus providing ample notice to the Government and this Court. Moreover, the very basis for plaintiffs' motion – the pending appeals in *Cienega*

*Gardens* and *Chancellor Manor* – did not come into existence until late January of this year when the Government commenced those appeals. Further, because discovery is complete, there is no risk that delaying trial will risk loss of evidence. Instead, a stay would serve only to reduce burden, and to maximize efficiency and finality, by proceeding with trial (assuming there is no settlement) with the full guidance of the Federal Circuit.[1]

Second, the Government asserts that plaintiffs' request is "remarkably indefinite." The Government, however, is mistaken. Plaintiffs seek to stay trial only until the Federal Circuit issues its decision in *Cienega Gardens* and *Chancellor Manor*. The two appeals have been designated companion cases by the Federal Circuit, and thus are governed by the same briefing schedule and will be argued together to the same panel. The Government's opening appellate brief is to be filed on May 8, 2006, and the plaintiffs' response is due on June 19, 2006. Accordingly, the *Cienega Gardens/Chancellor Manor* appeals are already moving forward on the Federal Circuit's calendar, with oral argument reasonably anticipated in the fall of 2006, and a decision thereafter. *Compare Cherokee Nation*, 124 F.3d at 1415-16 (delay was improperly indefinite where court stayed proceedings pending outcome of suits to quiet title on disputing lands, even though such suits had not even been filed and parties agreed that judgment could be "decades" away). Recognizing that the requested stay is definite and appropriate, the

---

[1] In addition, it is worth noting that plaintiffs did move for a stay on February 2, 2005. The Court denied that motion with leave to renew after discovery was completed. *See* Order of May 2, 2005 at 2. Thereafter, in a Joint Status Report filed on June 8, 2005, plaintiffs stated that they were continuing to monitor the progress of the related cases and gave notice that they might bring a renewed motion to stay at the appropriate time. *See* Joint Status Report of June 8, 2005 at 2. A decision was then issued in *Cienega Gardens/Chancellor Manor* on August 30, 2005 and, after further post-trial proceedings, a final judgment was issued on November 22, 2005. The current request for a stay was filed after plaintiffs received service of the Government's Notice of Appeal to the Federal Circuit in the *Chancellor Manor* case on January 24, 2006.

Government instead posits the "possibility" that a party may later request a further stay after the Federal Circuit issues its decision. But all plaintiffs request here is a stay pending the Federal Circuit's decision, and any future request for a stay – which is not made here – must be considered on its own merits at the appropriate time. The "possibility" that a party – including the Government – may later make a separate stay request is no reason to deny plaintiffs' request today.

Third, the Government asserts that plaintiffs identify no "pressing need" for an indefinite stay. As set forth above, however, the stay requested here bears no likeness to the stay at issue in *Cherokee Nation*, where proceedings were stayed pending the outcome of actions that had not even been commenced and that all parties agreed could take "decades" to resolve. *Id.* The stay requested here is thus not indefinite and plaintiffs need not show a "pressing need."

Regardless, plaintiffs *have* identified a pressing need: the need to avoid waste of time, expense and substantial resources trying a case that otherwise may need to be retried in light of the Federal Circuit's decision. The Government nowhere denies or otherwise downplays the very real risk of re-trial. As noted earlier, the Federal Circuit is to consider the very same legal issues to be tried here, presented by similarly-situated plaintiffs, with the Government arguing the very same positions (which were rejected by the trial court in *Cienega Gardens/Chancellor Manor*).[2] The Government does not dispute that, should this Court and the Federal Circuit

---

[2] Both the defendant and this Court have repeatedly recognized the closely-related nature of these cases and the direct impact that rulings from the Federal Circuit in the related cases would have on the plaintiffs' claims herein. *See, e.g.*, Defendant's Motion for Stay, June 9, 1997 (stating that a stay "would further the interests of efficiency and economy for the Court and the parties" given the "nearly identical breach of contract and takings claims" in the cases); Order of Dec. 16, 1997 (noting that Federal Circuit ruling in *Cienega Gardens* would be "controlling precedent" in this case); Order of Aug. 9, 1999 (noting direct impact of expected Federal Circuit decision in related case); Order of Nov. 6, 2001.

diverge in conclusion or even rationale, retrial of this action is likely – such that a stay could avoid unnecessary proceedings and conserve judicial resources. *Compare id.* at 1416-17 (no pressing need for stay where resolution of current action would not be affected by outcome of to-be-filed quiet title actions, such that stay would not avoid duplicative litigation and conserve judicial resources).

The Government is thus left arguing that, because trial is required in any event, this Court might as well proceed now – without regard as to whether that trial turns out to be only the first of two. But, as plaintiffs noted in their moving papers, this Court's time and resources are best spent trying issues that can be finally resolved. Where the pervasive similarity between the legal and factual issues presented in this case and those on appeal has gone unchallenged, and the Government has identified no cost or prejudice resulting from a stay, this Court should exercise its discretion to stay this case pending the outcome of the appeals in *Cienega Gardens* and *Chancellor Manor*.

Dated: April 12, 2006

Respectfully submitted,

**s/ Jeff H. Eckland**

JEFF H. ECKLAND
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
500 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 236-0160
Facsimile: (612) 236-0179

Jerry W. Snider, Of Counsel
William L. Roberts, Of Counsel
Mark D. Savin, Of Counsel
Michael F. Cockson, Of Counsel
FAEGRE & BENSON LLP
2200 Wells Fargo Center

Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Plaintiffs*

M2:20788892.01