IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| APACHE APARTMENT OF OWATONA, ET AL., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 96-700C (Judge Block) |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S SECOND MOTION IN LIMINE

Defendant, the United States, respectfully replies to plaintiffs' opposition to our Second Motion In Limine. The "short and plain statement" that plaintiffs set forth in their November 27, 1996 First Amended Complaint in support of their takings claim, that is, the set of alleged operative facts underlying that claim, is that "[t]he 1990 legislation [the Low Income Housing Preservation and Resident Ownership Act of 1990 ('LIHPRHA')] complained of herein . . . results in a taking of each plaintiffs' property for public use without just compensation," and that "[t]he incentives potentially provided by the 1990 legislation and implementing regulations . . . would not provide just compensation to plaintiffs for the taking of their property for public use." First Amended Complaint For Breach Of Contract And Just Compensation ("First Amend. Compl.") ¶¶ 32, 36 (bracketed material added). Although plaintiffs referenced the Emergency Low Income Housing Preservation Act ("ELIHPA" or "the

1988 legislation”), First. Amend. Compl. ¶ 22, contrary to the assertion at page 2 of their opposition to our motion, they did not allege that ELIHPA abridged their prepayment rights in any way.

Nor, in their complaint, did plaintiffs allege that the enactment or application to them of the Housing Opportunity Program Extension Act of 1996 (“HOPE”), Pub. L. No. 104-120, 110 Stat. 834 (Mar. 28, 1996), constituted a taking of their property without just compensation, even though that legislation had been enacted months earlier. Although they alleged that certain of them had submitted plans of action pursuant to Federal regulations seeking prepayment and incentives from the Government, and complained that the Department of Housing and Urban Development (“HUD”) “acted arbitrarily and capriciously and not in accordance with law by failing to promulgate regulations and appraisal guidelines that fully compensate plaintiffs . . . for the taking of their property for public use,” First Amend. Compl. ¶¶ 33, 37, they did not allege that the Government had delayed the processing of those plans of action. Nor did they allege that the Government had taken their property without just compensation by virtue of a tenant lawsuit against Hopkins Village Apartments Limited Partnership (“Hopkins Village”) or the reaction of media organizations and tenant organizations to plans by Hopkins Village to sell its property.

Finally, despite having years to do so, plaintiffs never amended their complaint to include allegations that the Government took their property without just compensation by virtue of Pub. L. No. 105-276, 112 Stat. 2461 (Jan. 27, 1998), a March 24, 1999 sale by Hopkins Village of its property, an April 10, 2002 sale by Waseca Village Limited Partnership of its property, or any Government actions or other events concerning plaintiffs or their properties that occurred after November 27, 1996.

Where a complaint includes no mention of a theory of recovery, any claim a plaintiff may have based upon such a theory is waived. See Casa de Cambio Comdiv S.A., de C.V. v. United States, 291 F.3d 1356, 1366 (Fed. Cir. 2002), cert. denied, 538 U.S. 921 (2003). Regardless of what may have been uncovered during discovery, and regardless of what other matters counsel for the parties may have addressed in actions brought by other plaintiffs, the only "takings" theory of recovery that plaintiffs in this action set forth in their complaint is that LIHPRHA resulted in a taking of their property for public use without just compensation. First Amend. Compl. ¶¶ 3, 32, 36. That theory is the basis of the only takings claim that is properly before the Court. Consequently, evidence of the kind identified in our Second Motion In Limine, concerning alleged operative facts that may provide bases for other claims, should be

excluded.

For the foregoing reasons and those set forth in our motion, the Court should grant our Second Motion In Limine.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

Attorneys for Defendant

May 5, 2006

CERTIFICATE OF FILING

I hereby certify that on May 5, 2006, the foregoing Defendant's Reply to Plaintiffs' Opposition To Defendant's Second Motion In Limine was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail